THE STATE, EX REL. PENDELL, APPELLANT, *v.* ADAMS COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

[Cite as State, ex rel. Pendell, *v.* Adams Cty. Bd. of Elections (1988), 40 Ohio St. 3d 58.]

(No. 88-1105—Submitted September 20, 1988—Decided December 14, 1988.)

*Chacksfield & Cooper* and *Roger R. Chacksfield,* for appellant.

*Wilson, Wilson & Wilson* and *David D. Wilson,* for appellee John L. Franklin.

*Michael P. Kelly,* for appellee William A. Justice.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* for appellee Secretary of State.

*Per Curiam.* In his first proposition of law, appellant argues that his complaint stated claims in mandamus and that the court of appeals erred in dismissing them *sua sponte.* In his second, he contends that the board disregarded applicable law and abused its discretion by relying .on Judge Spencer's report to reject appellant's nomination papers. It may well be that appellant was wrongly denied a place on the May 1988 primary ballot and that the court of appeals erred by dismissing his action summarily. However, because his appeal was not properly perfected, this court has no jurisdiction to consider these issues.

Pursuant to App. R. 3(A) and 4(A), notice of an appeal as of right must be filed with the clerk of the trial court within thirty days of the judgment or final order from which the appeal is taken. Exercising the original jurisdiction granted in Section 3, Article IV of the Ohio Constitution, the court of appeals dismissed appellant's mandamus claims on April 6, 1988. However, appellant did not file his notice of appeal below until May 31, 1988. Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. See *State, ex rel. Curran,* v. *Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E. 2d 995, paragraph seven of the syllabus; *Adkins* v. *Eitel* (1966), 8 Ohio St. 2d 10, 37 O.O. 2d 300, 221 N.E. 2d 713. Inasmuch as appellant failed to file his appeal by May 6, 1988, this court is without authority to resolve whether the lower court erred in summarily dismissing his action.

The parties make no mention of this jurisdictional flaw, perhaps because the notice of appeal was filed within thirty days of the May 19, 1988 entry denying reconsideration and leave to amend. However, this court has said that a request for reconsideration in the trial court is "a nullity" and "a legal fiction" which does not suspend the time for filing a notice of appeal. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 379-381, 21 O.O. 3d 238, 239-240, 423 N.E. 2d 1105, 1106-1107. Indeed, any judgment or final order that results from such a motion is a nullity itself. *Id.* at 381, 21 O.O. 3d at 240, 423 N.E. at 1107.

App. R. 26 does permit the filing of an application for reconsideration either before an order in an appellate matter is journalized or within ten days of the decision's announcement. However, that rule is not applicable to these proceedings. In *State, ex rel. Pajestka,* v. *Faulhaber* (1977), 50 Ohio St. 2d 41, 42, 4 O.O. 3d 113, 113-114, 362 N.E. 2d 263, 263-264, this court explained:

"In the instant cause, appellants brought a mandamus action in the Court of Appeals, invoking that court's original jurisdiction granted in Section 3, Artcile [*sic,* Article] IV of the Ohio Constitution. Thus the appellants mistakenly attempted to file a motion not prescribed for a court having original jurisdiction.

"The proper remedy for appellants in this situation is to file a motion for relief from judgment under Civ. R. 60(B)(5). This rule provides that a party may obtain relief from the final judgment, order or proceeding of a court for any reason justifying relief from the judgment, provided that such motion is made 'within a reasonable time period.'

"Since the appellants improperly requested relief from the order of the Court of Appeals, this court affirms the action of that court in overruling the appellants' motion for reconsideration."

The preceding authority makes it plain that this court cannot consider appellant's first and second propositions of law because no timely appeal was taken from the order of dismissal he challenges. Moreover, it is clear that the appellate court did not err on May 19, 1988, by refusing to reconsider its earlier decision (the entry from which this appeal is taken) because the request was improper. Similarly, the court of appeals did not err in denying appellant leave to amend his complaint since Civ. R. 15 makes no provision for granting such a request after an action's dismissal.[1]

Accordingly, the court of appeals' decision is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

---

[1] Even if we were able to review the court of appeals' *sua sponte* dismissal and we were convinced that the trial court erred in denying appellant's subsequent motions, we still would not reverse and remand this matter per appellant's request. Rather, in that instance, we would be forced to dismiss the action as moot because the May 1988 primary is over. *State, ex rel. Santora,* v. *Bd. of Elections* (1962), 174 Ohio St. 11, 21 O.O. 2d 35, 185 N.E. 2d 438. In *Santora,* the relator filed a mandamus action that sought to compel the placement of his name on the ballot in an upcoming primary election. The court of appeals denied the writ prior to the election. On appeal, this court held that the case was moot because the election had been completed. Accord *Maranze* v. *Bd. of Elections* (1958), 167 Ohio St. 323, 4 O.O. 2d 401, 148 N.E. 2d 229; *State, ex rel. Patrick,* v. *Bd. of Elections* (1962), 174 Ohio St. 12, 21 O.O. 2d 36, 185 N.E. 2d 433; *State, ex rel. Keller,* v. *Loney* (1959), 169 Ohio St. 394, 8 O.O. 2d 420, 159 N.E. 2d 896.