DECISION AND JOURNAL ENTRY
Defendant Carl Young has attempted to appeal from a judgment of the Summit County Common Pleas Court that denied his motion for termination of imprisonment or modification of sentence. This Court dismisses defendant's attempted appeal because this Court has no jurisdiction to entertain this appeal.
 I.
On September 22, 1993, defendant entered a plea of guilty to aggravated assault, a violation of Section 2903.12 of the Ohio Revised Code, with firearm and violence specifications. The trial court imposed upon him a mandatory sentence of three years for possession of a firearm, and an indeterminate sentence for a period of not less than one and one half years and not more than the maximum of five years for the crime of aggravated assault. The court further ordered that these sentences were to be served consecutively. Defendant did not appeal from this judgment.
On November 6, 1997, defendant moved the trial court to terminate his imprisonment, pursuant to Section 5145.02 of the Ohio Revised Code, or in the alternative, to modify his sentence pursuant to Section 2929.51 of the Ohio Revised Code. The trial court denied his motion on November 12, 1997. On December 4, 1997, defendant moved the trial court to "reconsider" its order denying his motion. The trial court noted that there was no authority for the filing of a motion for reconsideration at the trial court level in a criminal case; however, the court reviewed the defendant's previously filed motion and again denied the motion. Defendant filed an appeal from that order.
As the trial court properly noted in its order, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration. Although the trial court seemingly granted defendant's motion for reconsideration by reviewing his previous motion, there is no rule that allows a party to move a trial court for reconsideration of a final judgment. Pitts v. Department ofTransp. (1981), 67 Ohio St.2d 378, 380. A request for reconsideration from a final judgment is a "nullity" and a "legal fiction" that does not suspend the time for filing a notice of appeal. State ex rel. Pendell v. Adams Cty. Bd. of Elections
(1988), 40 Ohio St.3d 58, 60; Pitts, 67 Ohio St.2d at 379-381. Indeed, any judgment or order that results from a motion for reconsideration is a nullity itself. Pendell,40 Ohio St.3d at 60. The judgment, from which defendant attempted to appeal, was a null judgment. As a result, this Court did not have jurisdiction to entertain his attempted appeal. See Consolidated Rail Corp. v.Forest Cartage Co. (1990), 68 Ohio App.3d 333, 342.
At the time defendant filed his notice of appeal, the only order from which he could have attempted an appeal was the original denial of his motion for termination of imprisonment or modification of sentence entered November 12, 1997. An appeal from that order, however, would have been untimely. Pursuant to Rule 4(A) of the Ohio Rules of Appellate Procedure, a party must usually file a notice of appeal within thirty days of the entry of the final judgment or order. Defendant, therefore, was required to file his notice of appeal by December 12, 1997. He failed to do so, instead choosing to file a motion for reconsideration on December 4, 1997. The notice of appeal that defendant filed March 11, 1998 was, therefore, filed 97 days late. Accordingly, this Court had no jurisdiction to entertain his appeal. This Court dismissed his appeal on June 3, 1997.
On June 11, 1998, defendant asked this Court to reconsider the dismissal of his appeal or in the alternative, to construe his notice of appeal as a motion to file a delayed appeal, pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure. This Court denied his motion for reconsideration, but granted him leave to file a delayed appeal from the November 12, 1997, order. Defendant has raised one assignment of error.
 II. The trial court erred by failing to grant [defendant's]motion for termination of imprisonment pursuant to OhioRevised Code Section 5145.02 despite [defendant's]having served his minimum sentence in its totality.
Before considering the merits of this appeal, this Court must first consider if it has jurisdiction over this matter. Generally, a notice of appeal must be filed within thirty days of the date of the judgment or order appealed. Rule 4(A) of the Ohio Rules of Appellate Procedure. Rule 5(A) provides one exception to that rule:
 After the expiration of the thirty day period provided by [Rule] 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken.
Defendant has not attempted to appeal from his criminal conviction or sentence. Instead, he has attempted to argue that, pursuant to Section 5145.02 of the Ohio Revised Code, he has served his sentence, by remaining incarcerated for the minimum sentence imposed on him, and is entitled to have his remaining term of imprisonment terminated.
Because defendant failed to timely file an appeal from the trial court's denial of his motion on November 12, 1997, this Court notes that it must determine whether his attempted appeal is criminal or civil in nature to determine whether it had jurisdiction to grant defendant's motion for a delayed appeal, pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure. This Court notes that there is no authority defining whether an action filed pursuant to Section 5145.02 is a criminal or a civil proceeding. The Ohio Supreme Court has held that a delayed appeal pursuant to Rule 5(A) is not available in the appeal of a postconviction relief determination pursuant to Section 2953.23(B) of the Ohio Revised Code. State v. Nichols (1984), 11 Ohio St.3d 40, paragraph one of the syllabus. The Court reached this conclusion based on the premise that actions for postconviction relief are civil proceedings. Id. at 42. The Court, therefore, further held that actions for postconviction relief will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions. Id. at paragraph two of the syllabus.
For the purpose of this action only, this Court will assume, without deciding, that a defendant can maintain an action under Section 5145.02 of the Ohio Revised Code. This Court concludes that, much like a post-conviction proceeding defined in Section2953.21 of the Ohio Revised Code, any action a defendant can maintain under Section 5145.02 is, at a minimum, a quasi-civil proceeding. Consequently, this Court had no authority to grant defendant's motion for a delayed appeal pursuant to Rule 5(A) of the Ohio Rules of Appellate Procedure. See Nichols, supra. Because defendant moved this court, pursuant to Rule 5(A), for a delayed appeal, his motion was improvidently granted. Accordingly, this Court does not have jurisdiction over the instant appeal. Defendant's appeal is, therefore, dismissed.
 III.
Because this Court improvidently granted a delayed appeal, this Court has no jurisdiction to entertain this case. Consequently, this case is dismissed.
Case dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
 Costs taxed to appellant. ___________________________ BETH WHITMORE
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR