This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Defendant Willie J. Williams, Jr. has appealed from a judgment of the Summit County Court of Common Pleas that (1) denied his motion for an investigator to interview a witness at the state penitentiary, and (2) denied his motion to reconsider[1] or to vacate its order of December 15, 1998 denying his motion for post-conviction relief. This Court affirms.
 I.
The underlying criminal case in this matter arose in Mahoning County, Ohio. Venue was transferred to the Summit County Court of Common Pleas. Throughout the proceedings, the Mahoning County prosecutor's office represented the State of Ohio.
Defendant was convicted and sentenced on four counts of aggravated murder, four counts of kidnapping and one count of aggravated burglary. He was sentenced to death on each count of aggravated murder. This Court affirmed his conviction and sentence in State v. Williams (Nov. 1, 1995), Summit App. No. 16418, unreported. In State v. Williams (1997), 79 Ohio St.3d 1, certiorari denied (1998), ___ U.S. ___, 139 L.Ed.2d 646, the Ohio Supreme Court also affirmed his conviction and sentence.
On September 20, 1996, Defendant filed a petition to vacate or set aside his sentence. Prior to filing his petition, however, he moved the trial court, on September 12, 1999, for leave to amend the petition in the event that the State filed a motion or an answer pursuant to R.C. 2953.21(F). On September 18, 1996, the trial court granted that motion.
On October 20, 1998, the State filed a motion for leave to respond to Defendant's petition. According to the State, Defendant filed a copy of his petition with the Summit County Clerk of Court Criminal Division. The State alleged that the Clerk of Courts did not, however, forward a copy to the Mahoning County Prosecutor as required by R.C. 2953.21(B). The trial court granted the State's motion.
On October 29, 1998, the State moved for summary judgment. The State argued that Defendant's sole claim was barred by the doctrine of res judicata. On November 19, 1998, Defendant responded in opposition to the State's motion for summary judgment.
Defendant argued that he had been trying to locate the juveniles who testified against him at trial. According to Defendant, the juveniles had been incarcerated with the Department of Youth Services and could not be contacted until they were released as adults. Defendant claimed that he had recently located one of the juveniles and had reason to believe that she would recant her original testimony. Further, Defendant claimed that another juvenile had been located and attempts were being made to contact him. Defendant did not, however, submit any evidence or affidavits in support of these allegations. Finally, Defendant again requested the court to allow him to supplement and amend his petition.
The trial court denied Defendant's motion to vacate or set aside his sentence on December 15, 1998. The court determined that the claim made in Defendant's petition was barred by resjudicata. Apparently, the court considered Defendant's response to the State's motion for summary judgment as an amended petition. The court found that defendant's assertions, in which he claimed that he might have new evidence in the form of recanted testimony, were not supported by affidavits or other evidence outside the record. Accordingly, the court held that a hearing was not warranted and denied his petition for post-conviction relief.
On December 24, 1998, Defendant moved the trial court for an order allowing an investigator to interview one of the witnesses at Defendant's trial who was in a correctional institution. Also on that date, Defendant moved the Court to reconsider, or in the alternative to vacate its order denying Defendant's motion for post-conviction relief. The trial court denied both motions. Defendant timely appealed to this court, asserting two assignments of error.
 II. A.
Assignment of Error I
 It was an abuse of discretion for the trial court to deny [Defendant] the right to have his investigator interview a material witness in violation of his due process rights as guaranteed by the Fifth, Ninth and Fourteenth Amendments.
In his first assignment of error, Defendant has argued that the trial court abused its discretion in denying his request for a court order allowing a private investigator to interview an individual, who had testified at his trial, who was incarcerated in Pennsylvania. Defendant has asserted that due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution as well as the his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution mandate that he be provided with "appropriate assistance" in a capital proceeding to pursue a claim of actual innocence. This Court disagrees.
State post-conviction review is not a constitutional right.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction proceeding is not an appeal from a criminal conviction; instead, it is a collateral civil attack on the judgment. Id. In a post-conviction proceeding, therefore, a convicted defendant has only the rights granted by the legislature. Id. The procedures applicable to post-conviction relief are found in R.C. 2953.21. State v. Cooey (May 25, 1994), Summit App. Nos. 15895 and 15966, unreported, at 40. That section does not provide for discovery. Id. Accordingly, the trial court did not err by denying Defendant's motion. Defendant's first assignment of error is without merit.
 B.
Assignment of Error II
 It was an abuse of discretion for the trial court to refuse to allow [Defendant] the right to amend and supplement his petition after the trial court had signed an order permitting [Defendant] to amend or supplement after the State filed its motion for summary judgment.
Defendant has argued that the trial court abused its discretion in denying him leave to amend his petition. He has asserted that the trial court erred when it dismissed his petition without allowing him to amend it as previously ordered.
Under R.C. 2953.21(F), after the state has filed an answer or motion, a petitioner can amend his petition for post-conviction relief only with leave of court. A trial court has discretion in granting or denying leave to amend; therefore, absent an abuse of discretion, an appellate court will not disturb a grant or denial of leave to amend. See Wilmington Steel Products, Inc. v. Cleve.Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 121-122. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. State exrel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
In this case, Defendant moved the court for leave to supplement his petition prior to actually filing the petition. The court granted the motion on September 18, 1996. The State, however, did not respond to the petition until October 29, 1998. Defendant then responded to the State's motion and again requested leave to amend his petition. The court construed Defendant's response as an amended petition and denied defendant's petition for post-conviction relief. In light of the fact that over two years had passed since the court granted the initial leave to amend, this Court cannot conclude that the trial court's action denying Defendant leave to amend was arbitrary, unreasonable, or unconscionable.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________________ BETH WHITMORE FOR THE COURT
SLABY, P.J., BATCHELDER, J., CONCUR.
[1] This Court notes that there is no rule that allows a party to move a trial court for reconsideration of a final judgment.Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, 380. A request for reconsideration from a final judgment is a "nullity" and a "legal fiction" that does not suspend the time for filing a notice of appeal. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60; Pitts,67 Ohio St.2d at 379-381. Indeed, any judgment or order that results from a motion for reconsideration is a nullity itself. Pendell,40 Ohio St.3d at 60. The trial court does, however, have authority to vacate its orders. See e.g. Civ.R. 60.