Plaintiff David Martin brought this action against defendant-landlord David Henderson, alleging that landlord negligently maintained a stairway in landlord's apartment building, and that plaintiff injured himself when a step on the stairway broke. The court granted a default judgment to plaintiff in the amount of $25,000. The court eventually refused to grant relief from the default judgment, and defendant appeals. We dismiss the appeal for want of jurisdiction.
Plaintiff filed the complaint in May 1997 and took a default judgment in November 1997. In July 1999, defendant filed a motion for relief from judgment that fell woefully short of establishing any of the elements necessary under Civ.R. 60(B) and the test set forth inGTE Automatic Electric, Inc. v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Read liberally, the motion appeared to claim that defendant was entitled to relief from judgment because he had no knowledge of the lawsuit.
The court scheduled an evidentiary hearing on the motion for relief from judgment, but neither party appeared for the hearing. In a journal entry issued August 31, 1999, the court said that it had reviewed the filings relating to the motion for relief from judgment and was denying relief.
Two days later, on September 2, 1999, defendant filed a motion to amend his motion for relief from judgment. As we noted, the initial motion for relief from judgment did not contain any of the elements required under Civ.R. 60(B). In the amended motion, defendant said that while "he did not believe that the assertion of a meritorious defense is an absolute requirement for relief under the Rules," he was, out of an abundance of caution, requesting leave to file an amended motion for relief from the default judgment, stating as the meritorious defense plaintiff's own comparative negligence in falling on the steps.
That same day (September 2, 1999) defendant filed a reply brief to plaintiff's "preliminary brief in opposition to defendant's motion for relief from default judgment." In that reply brief, he asserted a more traditional argument for relief from judgment, this time setting forth the factors contained in Civ.R. 60(B).
On September 10, 1999, the court granted defendant's motion for leave to amend the motion for relief from judgment, and further considered defendant's reply to plaintiff's brief in opposition to the motion for relief from judgment as a motion for reconsideration. The court then denied the motion for relief from judgment.
On September 20, 1999, defendant filed two more motions: (1) a motion asking the court to reconsider its "dismissal" of the motion for relief from judgment and (2) another motion for relief from judgment, once again saying that plaintiff had not served the complaint at an address where defendant resided. The court denied this motion on September 22, 1999.
Defendant filed his notice of appeal on October 8, 1999, purporting to appeal from judgments entered September 10, 1999 and September 22, 1999.
A party has thirty days in which to file an appeal from a final judgment. See App.R. 4(A). The thirty-day time period for filing an appeal is jurisdictional.State, ex rel. Pendell v. Adams Cty. Bd. of Elections
(1988), 40 Ohio St.3d 58.
The final appealable order in this case was the August 31, 1999 order denying defendant's motion for relief from judgment. Instead of appealing directly from that order, defendant sought to amend the initial motion — a request the court properly considered a request for reconsideration. The court could not permit the amendment of a motion after it had been overruled and turned into a final, appealable order. Defendant's attempt to seek reconsideration of that court order was nullity. See Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378. The motion for reconsideration being a nullity, defendant could not extend the time for appeal by filing successor motions for relief from judgment that raised the same grounds for relief or by seeking to continually amend a motion that lacked merit. Principles of collateral estoppel prohibit the relitigation of issues that have been finally decided.
Because defendant did not appeal the August 31, 1999 order denying relief from judgment until October 8, 1999, he did not file the appeal within thirty days. We therefore lack jurisdiction to hear this appeal.
Appeal dismissed.
It is ordered that appellee recover of appellants his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J.
ANNE L. KILBANE, J., CONCUR.
 _______________ PRESIDING JUDGE JOHN T. PATTON