DECISION
This matter is before this court upon the appeal of Dayton Board of Education, plaintiff-appellant, from the judgment of the Ohio Court of Claims denying appellant's motion for summary judgment and granting summary judgment in favor of defendants-appellees Treasurer, State of Ohio, Industrial Commission of Ohio and Bureau of Workers' Compensation.
Appellant sets forth the following sole assignment of error on appeal:
 THE COURT OF CLAIMS ERRED AND ABUSED ITS DISCRETION BY OVERRULING DBE'S [APPELLANT'S] MOTION UNDER CIV.R.60 AND DECLINING TO CORRECT THE RECORD OF THE FILING DATE FOR DBE'S NOTICE OF APPEAL.
On March 30, 1993, appellant filed a complaint in the Ohio Court of Claims against appellees seeking to recover money from the Intentional Tort Fund for money appellant paid to William Bailey after appellant acknowledged that it was liable for an intentional tort. Both appellant and appellees filed motions for summary judgment. By entry dated April 16, 2001, the Court of Claims denied appellant's motion for summary judgment and granted appellees' motion for summary judgment.
Appellant sought to appeal from the April 16, 2001 entry of the Court of Claims. Appellant filed its notice of appeal in the Tenth District Court of Appeals. That notice of appeal was received by the clerk of the court of appeals on May 15, 2001. Appellant's notice of appeal was supposed to be filed with the clerk of the Court of Claims. The appellate court clerk forwarded appellant's notice of appeal to the Court of Claims and it was received there on May 17, 2001. The Court of Claims then forwarded the notice of appeal to the Tenth District Court of Appeals for review. On June 7, 2001, appellees filed a motion to dismiss and appellant's appeal, Dayton Bd. of Edn. v. Treasurer, State of Ohio (July 23, 2001), Franklin App. No. 01AP-581, unreported, was dismissed by this court because appellant's notice of appeal had not been timely filed with the clerk of the Court of Claims. While the motion to dismiss was still pending in this court in case No. 01AP-581, appellant filed a motion in the Court of Claims on June 13, 2001 seeking relief from the April 16, 2001 entry pursuant to Civ.R. 60. In that motion, appellant indicated that the notice of appeal was sent in a timely fashion; however, it was inadvertently incorrectly addressed. Appellant asserted further that the clerk of the court of appeals failed to contact appellant's counsel so that the error of the incorrect address of the notice of appeal could be remedied in a timely fashion. Instead, as stated previously, the clerk of the court of appeals forwarded appellant's notice of appeal to the Court of Claims. By entry dated July 10, 2001, the Court of Claims denied appellant's motion for relief pursuant to Civ.R. 60 as follows:
 On June 13, 2001, plaintiff filed a motion for correction of its notice of appeal, pursuant to Civ.R. 60. Plaintiff moves the court to correct the filing date of its notice of appeal, which was erroneously delivered directly to the Tenth District Court of Appeals on May 15, 2001, rather than to this court. Upon review, plaintiff's motion for correction is OVERRULED.
Thereafter, appellant filed a notice of appeal challenging the entry of the Court of Claims denying appellant relief pursuant to Civ.R. 60. The case is now before this court for our review.
Civ.R. 60 provides, in pertinent part, as follows:
(A) Clerical mistakes
 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.] * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. * * *
In order to prevail on a motion under Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146. If any of these requirements are not met, the motion should be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. The question of whether relief should be granted is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75.
The facts of this case make it clear that if relief is to be granted at all, it must be under Civ.R. 60(B)(1). Although appellant asserts that it is entitled to relief under Civ.R. 60(A), there is no clerical mistake in a judgment, order, or other part of the record which needs to be corrected by the trial court or which can be corrected by the trial court. The fact that the Court of Claims received appellant's notice of appeal on May 17, 2001, instead of by May 16, 2001, is not the type of "error" which Civ.R. 60(A) is designed to correct.
Turning to whether the trial court abused its discretion by denying appellant's motion for relief pursuant to Civ.R. 60(B)(1), this court finds that the trial court did not abuse its discretion. As indicated previously, in order to prevail, appellant had to demonstrate: (1) a meritorious claim or defense; (2) entitlement under one of the enumerated grounds; and (3) timeliness. Appellant's motion was timely filed; however, upon review of appellant's motion, appellant did not demonstrate that it had a meritorious defense or claim to present if relief was granted. As noted earlier, the trial court granted summary judgment in favor of appellees concerning appellant's cause of action seeking reimbursement of money from the Intentional Tort Fund after R.C. 4121.80
was held to be unconstitutional. Nowhere in appellant's motion for relief under Civ.R. 60(B)(1) did appellant assert a meritorious defense. For this reason alone, the trial court did not abuse its discretion in denying appellant's motion.
Turning to the second requirement, the trial court concluded that appellant did not demonstrate that it was entitled to relief under Civ.R. 60(B)(1). Pursuant to App.R. 3(A) and (4), notice of an appeal as of right must be filed with the clerk of the trial court within thirty days of the judgment or final order from which the appeal is taken. Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58. Because appellant failed to properly file its appeal by May 16, 2001, this court was without authority to resolve the question of whether the trial court erred in granting summary judgment in favor of appellees and denying summary judgment to appellant. Dayton Bd. of Edn., supra.
Appellant simply has not demonstrated the trial court abused its discretion by denying its motion for relief pursuant to Civ.R. 60(B). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, and Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83.
Reviewing the record before us, this court concludes the trial court did not abuse its discretion in denying appellant's motion for relief under Civ.R. 60(B)(1). The only "excusable neglect" cited by appellant is counsel's failure to properly address the notice of appeal to the Court of Claims of Ohio. The remainder of the motion focuses on blaming the clerk at the court of appeals for its failure to notify appellant that its notice of appeal was filed in the wrong court. As stated previously, appellant asserted no meritorious defense or claim to present if relief was granted and that reason alone is sufficient to deny the relief requested.
Based upon a review of the record, this court concludes that appellant has not demonstrated the Court of Claims of Ohio abused its discretion when it overruled appellant's motion for relief pursuant to Civ.R. 60(A) and (B). Appellant's sole assignment of error is accordingly overruled and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
BROWN, J., concurs.