MEMORANDUM OPINION
{¶ 1} On October 7, 2003, appellant, Anthony M. DeFabio, filed an appeal from a September 17, 2003 judgment of the Portage County Court of Common Pleas. In that judgment, the trial court overruled appellant's motion to reconsider a previous denial of a motion to vacate his guilty plea. On January 22, 2004, appellee, State of Ohio, filed a motion to dismiss this appeal due to lack of jurisdiction. No response has been filed by appellant.
 {¶ 2} It is apparent that appellant had filed a motion to vacate his guilty plea, which was denied by the trial court on August 14, 2003. No appeal was taken from that judgment. Instead, on September 11, 2003, Appellant filed a document captioned, "Renewal of Motion to Vacate Motion to Reconsider." The trial court treated this as a motion to reconsider the denial of Appellant's earlier motion to vacate his guilty plea.
 {¶ 3} It is well established that a motion for reconsideration from a final judgment in the trial court is a nullity. Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 380. Similarly, an order granting or denying such a motion is also nullity. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60. Thus, this court is without jurisdiction to entertain an appeal from the September 17, 2003 judgment of the trial court because, pursuant to Section3(B)(2), Article IV of the Ohio Constitution, an appellate court only has jurisdiction over final orders of inferior courts within its district. If there is no final order, then there can be no reviewable decision over which jurisdiction can be exercised.
 {¶ 4} Based upon the foregoing analysis, appellee's motion to dismiss this appeal is hereby granted.
 {¶ 5} The appeal is dismissed.
Appeal dismissed.
Ford, P.J., and Grendell, J., concur.