MEMORANDUM OPINION
{¶ 1} On October 13, 2004, appellant, Chester Udell, filed a notice of appeal from a September 10, 2004 judgment of the Willoughby Municipal Court. Thus, appellant's notice of appeal was filed thirty-three days after the judgment had been issued by the trial court.
 {¶ 2} App.R. 4(A) states:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} Loc.R. 5(C) of the Eleventh District Court of Appeals provides:
 {¶ 5} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Civ.R. 58(B),and the Notice of Appeal is deemed to be filed out of rule,
appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under App.R. 4(A)." (Emphasis sic.)
 {¶ 6} In the present case, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has appellant alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. Stateex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 7} Accordingly, this appeal is dismissed sua sponte pursuant to App.R. 4(A).
Grendell, J., Rice, J., concur.