MEMORANDUM OPINION
{¶ 1} This matter is before this Court on the January 9, 2006 motion of appellant, Dorothy F. Stambaugh, to file a delayed appeal. On January 13, 2006, appellees, Tops and Tops Markets, L.L.C., filed a brief in opposition to appellant's motion for leave to file a delayed appeal and a motion to dismiss the appeal.
 {¶ 2} On December 2, 2005, the Trumbull County Court of Common Pleas granted the summary judgment motion of appellees and dismissed appellant's case. Appellant filed her notice of appeal on January 9, 2006. Thus, appellant failed to file her appeal in a timely manner.
 {¶ 3} App.R. 4(A) states that:
 {¶ 4} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} In the present case, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has she alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). On January 9, 2006, appellant filed a notice of appeal from a December 2, 2005 judgment of the Trumbull County Court of Common Pleas. Thus, appellant's notice of appeal was filed thirty-eight days after the judgment had been issued by the trial court. Appellant's notice of appeal was due on Tuesday, January 3, 2006, which was not a holiday or a weekend.
 {¶ 6} "There are no provisions in the appellate rules to file a delayed appeal in a civil case." State ex rel. Perotti v.Altiere, 11th Dist. No. 2004-T-0141, 2005-Ohio-1578, at ¶ 3. The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. AdamsCty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60.
 {¶ 7} The instant matter involves a civil case. Since appellant failed to file her notice of appeal within thirty days of the trial court's judgment entry as required by App.R. 4(A), this court is without jurisdiction to consider this appeal.
 {¶ 8} Based on the foregoing analysis, appellant's motion for leave to file a delayed appeal is overruled and appellees' motion to dismiss the appeal is hereby granted.
 {¶ 9} Appeal dismissed.
Grendell, J., O'Toole, J., concur.