OPINION
{¶ 1} Defendant-appellant Jason Hasseman appeals his conviction and sentence in the New Philadelphia Municipal Court on one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and driving without a license, in violation of R.C. 4507.02(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 27, 2003, a State Highway Patrol Trooper stopped appellant's vehicle after having observed appellant turning left at a red light and operating a vehicle with no front plates. The Trooper activated his overhead emergency lights and VHS recording equipment in his cruiser. Upon approaching the vehicle, the Trooper observed an odor of alcohol emanating from the vehicle. Appellant's eyes appeared glassy and blood shot, and appellant could not provide the trooper with a driver's license or social security number.
 {¶ 3} Appellant admitted to the trooper he had consumed a "couple" of beers prior to driving. Appellant failed the field sobriety tests conducted by the Trooper.
 {¶ 4} On February 26, 2004, appellant filed a motion to suppress. Following a hearing on the motion, the trial court, via Magistrate's Decision, denied the motion to suppress on March 29, 2004. On April 8, 2004, appellant filed his objections to the decision, requesting a transcript of the hearing and a transcript of the VHS recording. On June 9, 2004, appellant filed his amended objections to the Magistrate's Decision. The trial court overruled the same on August 23, 2004, via Judgment Entry.
 {¶ 5} On January 21, 2005, appellant plead no contest to both charges. On February 17, 2005, via Magistrate's Decision/Judgment Entry, the magistrate recommended appellant be found guilty of the charges. The magistrate further recommended appellant serve 365 days in jail, with 275 days suspended, and appellant pay a fine of $550.00 and court costs. Appellant was placed on two years probation.
 {¶ 6} Appellant signed the February 17, 2005 Magistrate's Decision/Judgment Entry approving the same and waiving objections. The trial court approved and confirmed the Magistrate's Decision/Judgment Entry in the same entry.
 {¶ 7} On February 23, 2005, appellant filed objections to the manner the jail term was to be served, but did not object to the sentence imposed. Appellant's February 23, 2005 motion states:
 {¶ 8} "Now comes Defendant, . . . and Objects to the scheduling of his jail tem [sic] to be served beginning March 1, 2005. Defendant does NOT object to the sentence which was imposed upon him in the Entry file dated February 17, 2005 other than the failure to recognize that jail term and EMHA should have been ordered served concurrently with the term imposed upon him in Wayne County Common Pleas Court case 02-CR-0015."
 {¶ 9} On the same date, appellant filed a motion for stay of execution of sentence. On June 24, 2005, the trial court overruled appellant's objections to the February 17, 2005 Magistrate's Decision.
 {¶ 10} Appellant filed a notice of appeal on July 22, 2005, assigning as error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PRESERVE THE DEFENDANT'S EVIDENCE FOR APPEAL PURPOSES AND THE STATE WRONGFULLY DESTROYED THE SAME. BOTH OF WHICH WRONGFULLY DEPRIVES DEFENDANT OF HIS STATUTORY APPELLATE AND DUE PROCESS RIGHTS IN THIS MATTER.
 {¶ 12} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT THE DEFENDANT'S SUPPRESSION MOTION AND/OR WHEN IT FAILED TO FIND THE ARREST LACKED PROBABLE CAUSE.
 {¶ 13} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT SENTENCING THE DEFENDANT TO A CONCURRENT TERM WITH HIS FELONY INCARCERATION."
 I {¶ 14} Appellant herein argues the trial court failed to preserve appellant's evidence crucial to his appeal. Specifically, appellant alleges the State destroyed the copy of the VHS video tape offered into evidence by appellant and admitted by the trial court during the suppression hearing, and the original of the video was destroyed by the State Highway Patrol post-trial. Appellant maintains the destruction of evidence deprives him of his rights to appeal.
 {¶ 15} Appellant was convicted and sentenced on February 17, 2005, via Magistrate's Decision/Judgment Entry, approved and confirmed by the trial court that same day. Appellant himself signed the Entry acknowledging his knowing and voluntary approval of the same and waiving his right to file objections. Upon review of appellant's February 23, 2005 pleading, appellant essentially sought a clarification or reconsideration of the trial court's entry with regard to the imposition of the sentence. Appellant's pleading specifically states he does not object to the sentence itself.
 {¶ 16} Pursuant to App.R. 4(A), a notice of an appeal as of right must be filed with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. This time limit is jurisdictional in nature and may not be enlarged by an appellate court. State ex re. Pendell v. AdamsCty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60,531 N.E.2d 713. Where a notice of appeal is not timely filed, an appellate court has no jurisdiction to consider issues that should have been raised in the appeal. Id.
 {¶ 17} Upon review, appellant waived his right to file objections to the February 17, 2005 Magistrate's Decision/Judgment Entry by knowingly and voluntarily signing the entry indicating his approval and specifically waiving objections. Given that written waiver, we find the act of filing objections on February 23, 2005, as to the manner the jail term was to be imposed did not serve to toll the running of the 30 day time period for filing his notice of appeal.
 {¶ 18} We find the February 17, 2005 Judgment Entry was a final appealable order. Appellant did not file his notice of appeal until July 22, 2005. Therefore, appellant's appeal is untimely and this Court lacks jurisdiction to consider the matter.
 {¶ 19} The appeal sub judice is dismissed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed. Costs assessed to appellant.