MEMORANDUM OPINION
{¶ 1} On July 31, 2006, appellant, James Geisert, filed a notice of appeal from a June 28, 2006 judgment entry of the Lake County Court of Common Pleas. Thus, appellant's notice of appeal was filed thirty three days after the judgment had been issued by the trial court. Appellant's notice of appeal was due on Friday, July 28, 2006, which was not a holiday or a weekend.
 {¶ 2} App.R. 4(A) states that:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 5} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and the Notice of Appeal is deemed to be filed out ofrule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in thesua sponte dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)
 {¶ 6} Here, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has he alleged that there was a failure by the trial court clerk to comply with Civ. R. 58(B). The time requirement is judisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. AdamsCty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 7} Accordingly, this appeal is dismissed sua sponte pursuant to App. R. 4(A).
Grendell, J., O'Toole, J., concur.