MEMORANDUM OPINION
{¶ 1} On August 6, 2007, appellant, Chad William Mitchell, pro se, filed a notice of appeal from a June 28, 2007 judgment of the Trumbull County Court of Common Pleas denying his motion to correct or vacate his sentence. Appellant's notice of appeal was due to be filed by Monday, July 30, 2007, which was not a holiday or a weekend. Thus, his appeal was untimely filed.
 {¶ 2} App.R. 4(A) states:
 {¶ 3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of *Page 2 
the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 5} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and theNotice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)
 {¶ 6} Here, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has appellant alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 7} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed as being untimely.
 {¶ 8} Appeal dismissed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1