[Cite as *State v. Weber*, 2013-Ohio-1005.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NO. 2013-L-004** |
| JOSEPH T. WEBER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 10 CR 000507.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph T. Weber,* pro se, PID: A594653, Trumbull Correctional Institution, P.O. Box 901, Leavittsburg, OH 44430-0901 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.,

{¶1} On January 11, 2013, appellant, Joseph T. Weber, pro se, filed a notice of appeal from a December 11, 2012 judgment of the Lake County Court of Common Pleas dismissing his petition for post-conviction relief.

{¶2} Under App.R. 4(A), appellant's notice of appeal was due to be filed no later than Thursday, January 10, 2013, which was not a holiday or a weekend. Thus, his appeal filed on January 11, 2013, was untimely.

{¶3} App.R. 4(A) states:

**{¶4}** "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."

**{¶5}** Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:

**{¶6}** "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), *and the Notice of Appeal is deemed to be filed out of rule*, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the *sua sponte* dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)

**{¶7}** Here, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has he alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); App.R. 14(B).

**{¶8}** Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed as being untimely.

**{¶9}** Appeal dismissed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

———————————

2

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶10} I concur with the majority's dismissal of appellant's request for post-conviction relief as untimely.

{¶11} A review of the docket indicates that appellant has not filed an appeal as of right from his original conviction and sentence. Being incarcerated, appellant is pro se and indigent. In the event that appellant wishes to request that this court review his original conviction and sentence, he may file a request for delayed appeal pursuant to App.R. 5(A)(1) which states that "[a]fter the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following class of cases: (a) Criminal proceedings[.]"

{¶12} Thus, I concur in judgment only.

3