[Cite as *Geauga Sav. Bank v. Rickard*, 2013-Ohio-2044.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| GEAUGA SAVINGS BANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0019** |
| LAWRENCE P. RICKARD, et al. | : | |
| Defendant-Appellee, | : | |
| THE BOARD OF TRUMBULL TOWNSHIP TRUSTEES, | : | |
| | : | |
| Intervening Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 1135.

Judgment: Appeal dismissed.

*Michael D. Stultz*, Meyer & Kerschner, Ltd., 106 E. Market Street, P.O. Box 400, Tiffin, OH 44883 and *Christopher C. Camboni*, Meyer & Kerschner, Ltd., 4249 Easton Way, Suite 150, Columbus, OH 43219 (For Plaintiff-Appellee).

*Gary L. Pasqualone*, Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Defendant-Appellee).

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Intervening Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On March 13, 2013, appellant, The Board of Trumbull Township Trustees, by and through counsel, filed a notice of appeal from a September 12, 2012 entry of the Ashtabula County Court of Common Pleas. The notice of appeal was due on October 12, 2012, which was not a holiday or a weekend.

{¶2} App.R. 4(A) states that:

{¶3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶4} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:

{¶5} In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), *and the Notice of Appeal is deemed to be filed out of rule*, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App.R. 4(A). (Emphasis sic.)

{¶6} In the instant matter, appellant has not submitted an affidavit from the trial court clerk pursuant to Loc.R. 3(D)(2). The time requirement is jurisdictional in nature

2

and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶7} Accordingly, this appeal is dismissed, sua sponte, pursuant to App.R. 4(A).

{¶8} Appeal dismissed.


DIANE V. GRENDELL, J.,

COLLEEN M. O'TOOLE, J.,

concur.