[Cite as *Conley v. Conley*, 2013-Ohio-4309.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| LISA M. CONLEY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-L-074** |
| SEAN CONLEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 10 DR 788.

Judgment:  Appeal dismissed.

*Thomas A. McCormack*, McCormack Family Law, 1915 The Superior Building, 815 Superior Avenue, East, Cleveland, OH  44114 (For Plaintiff-Appellant).

*Linda D. Cooper*, Cooper & Forbes, 166 Main Street, Painesville, OH  44077-3403 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1}   On August 8, 2013, appellant, Lisa M. Conley, by and through counsel, filed a notice of appeal from a July 8, 2013 entry of the Lake County Court of Common Pleas, Domestic Relations Division.  The notice of appeal was due on July 7, 2013, which was not a holiday or a weekend.

{¶2}   App.R. 4(A) states that:

{¶3}   "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of

the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶4} Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:

{¶5} In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), *and the Notice of Appeal is deemed to be filed out of rule*, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App.R. 4(A). (Emphasis sic.)

{¶6} Here, appellant has not complied with the 30-day rule set forth in App.R. 4(A) nor alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). Appellant has not submitted an affidavit from the trial court clerk pursuant to Loc.R. 3(D)(2). The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶7} Accordingly, this appeal is dismissed, sua sponte, pursuant to App.R. 4(A).


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.