[Cite as *Tripoulas v. Frenchko*, 2017-Ohio-6950.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANDREW TRIPOULAS, | : | **MEMORANDUM OPINION** |
| Petitioner-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0056** |
| MICHELE NICOLE FRENCHKO, | : | |
| Respondent-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 01190.

Judgment: Appeal dismissed.

*Robert Safos*, 585 East Market Street, Warren, OH 44481 (For Petitioner-Appellee).

*Rhys Brendan Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503-1130 (For Respondent-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Michele Nicole Frenchko, by and through counsel, filed a notice of appeal from an April 21, 2017 entry from the Trumbull County Court of Common Pleas.

{¶2} The record reveals that on June 13, 2014, appellee, Andrew Tripoulas, petitioned for a civil stalking protection order against appellant. An order of protection was issued, and appellant filed objections to it and a motion to vacate the civil protection order. In an entry dated April 21, 2017, the trial court overruled appellant's objections

except as to the inclusion of appellee's mother and two daughters as protected persons under the stalking order. Appellant filed the instant appeal on June 15, 2017.

{¶3}   App.R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is to file a notice of appeal within the time allowed by App.R. 4. The Supreme Court of Ohio has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶4}   App.R. 4(A)(1) states that, "[s]ubject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  Further, "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."  App.R. 4(A)(3).

{¶5}   Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.  If the Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶6}   The docket in this case clearly shows that the trial court issued its judgment entry and a revised civil stalking order on April 21, 2017.  On that same date, the clerk of courts noted on the appearance docket that copies of that order were mailed by regular mail to the parties.  Since service was made on appellant within the three day

2

period required in Civ.R. 58(B), the thirty day time period began to run on the date of entry of judgment, i.e. April 21, 2017. Thus, the deadline for appellant to file her notice of appeal was May 22, 2017, which was not a holiday or a weekend. Accordingly, appellant's June 15, 2017 notice of appeal from the April 21, 2017 entry was untimely.

{¶7} This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra*, at 60; *see also* App.R. 14(B).

{¶8} Based upon the foregoing, this appeal is hereby dismissed, sua sponte, pursuant to App.R. 4(A)(1).

{¶9} Appeal dismissed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.