[Cite as *Jones v. Russell*, 2026-Ohio-2138.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| MARY ELIZABETH JONES, | CASE NO. 2026-P-0026 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| JOHN RUSSELL, | |
| Defendant, | Trial Court No. 2022 CV 00584 |
| MATCH GROUP, INC., | |
| Defendant-Appellee. | |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 8, 2026
Judgment: Appeal dismissed

---

*Mary Elizabeth Jones*, pro se, P.O. Box 5, Aurora, OH 44202 (Plaintiff-Appellant).

*Christopher E. Cotter* and *Emily K. Anglewicz*, Roetzel & Andress, L.P.A., 222 South Main Street, Suite 400, Akron, OH 44308 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1} On March 20, 2026, appellant, Mary Elizabeth Jones, noticed an appeal from the May 13, 2024 entry of the Portage County Court of Common Pleas that stayed the case and ordered the parties to resolve their dispute through arbitration. On April 27, 2026, appellee, Match Group, Inc., moved to dismiss the appeal as untimely and requested this court issue sanctions against appellant.

{¶2} Pursuant to App.R. 3(A), "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R.

4(A)(1) states, "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(3), which is applicable in civil cases, provides that where the clerk has not completed service of a judgment pursuant to Civ.R. 58(B) within three days, the 30-day deadline to appeal does not commence until the clerk completes service. "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal." (Citations omitted.) *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3}    Here, the trial court issued its entry on May 13, 2024, and the clerk of courts' docket reflects that notice was sent to the attorneys and parties the next day. This order was final upon its entry. *See* R.C. 2711.02(C). Accordingly, the 30-day period to appeal commenced on May 13, 2024. Thus, appellant failed to timely appeal the judgment, and this court lacks jurisdiction over this matter.

{¶4}    Accordingly, insofar as appellee's April 27, 2026 motion sought dismissal, the motion is granted. This court shall hereafter rule on appellee's motion for sanctions in a separate judgment entry.

{¶5}    This appeal is dismissed, and all pending motions not specifically referenced herein are overruled as moot.


MATT LYNCH, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2026-P-0026

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, appellee's motion to dismiss is granted. It is ordered that the appeal is hereby dismissed for lack of jurisdiction.

This court shall hereafter issue a ruling on appellee's motion for sanctions in a separate judgment entry. Any other pending motions not specifically referenced in the memorandum opinion are hereby overruled as moot.

Costs to be taxed against appellant.

JUDGE EUGENE A. LUCCI

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-P-0026