[Cite as *State v. Jones*, 2021-Ohio-1696.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2021-A-0012** |
| -vs- | : | |
| ODRAYE G. JONES a.k.a. MALIK ALLAH-U-AKBAR, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 1997 CR 00221.

Judgment: Appeal dismissed.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Odraye G. Jones a.k.a. Malik Allah-U-Akbar,* pro se, PID: A358-112, Chillicothe Correctional Institution, 15802 State Route North 104, P.O. Box 5500, Chillicothe, OH 45601 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On April 2, 2021, appellant, Odraye G. Jones a.k.a. Malik Allah-U-Akbar, pro se, filed a notice of appeal from a February 26, 2021 judgment of the Ashtabula County Court of Common Pleas which denied "Defendant's motions and letters requesting Crim.R. 42 Discovery and Public Records"; "requests for appointment of counsel"; "motions requesting evidentiary hearings"; and "any and all other outstanding pending post conviction motions."

{¶2} Based on the nature of appellant's filings with the trial court and the court's rulings, this appeal will be considered by this court as a post-conviction, civil appeal.

{¶3} Appellant's notice of appeal was due to be filed no later than March 29, 2021, which was not a holiday or a weekend. Thus, the appeal filed on April 2, 2021, was untimely.

{¶4} App.R. 4(A)(1) states in relevant part:

{¶5} "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} Post-conviction proceedings are considered civil in nature. *State v. Nicholas,* 11 Ohio St.3d 40, (1984), syllabus. *See also State v. Vinson,* 11th Dist. No. 2015-L-018, 2015-Ohio-3549, 2015 WL 5096043, ¶ 7.

{¶7} App.R. 4(A)(3) states in relevant part:

{¶8} "In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in the App.R. 4(A)(1) * * * begin to run on the date when the clerk actually completes service."

{¶9} Civ.R. 58(B) governs the entry of judgment in a civil case:

{¶10} "Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to service notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."

{¶11} Therefore, the filing of a notice of appeal from the denial of a petition for post-conviction relief must be made within 30 days of the entry of judgment where there is Civ.R. 58(B) compliance, or within 30 days of service of notice of the judgment and its entry if service is not made within the three day period prescribed by Civ.R. 58(B).

{¶12} Here, the February 26, 2021 appealed judgment includes the trial court's direction to the clerk to serve appellant with a copy of the entry. Further, there is a notation on the docket reflecting that the clerk served appellant on February 26, 2021, the same date the entry was filed. Thus, the time for filing the notice of appeal began to run on February 26, 2021. The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); App.R. 14(B).

{¶13} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed as being untimely.

{¶14} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.