[Cite as *State v. Drummond*, 2024-Ohio-215.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JOHN E. DRUMMOND,

        Defendant-Appellant.

**CASE NO. 2023-A-0071**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2013 CR 00068

---

**M E M O R A N D U M**
**O P I N I O N**

Decided: January 22, 2024
Judgment: Appeal dismissed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH  44047 (For Plaintiff-Appellee).

*John E. Drummond*, pro se, PID# A462-868, Chillicothe Correctional Institution, 15802 OH-104, P.O. Box 5500, Chillicothe, OH  45601 (Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1}    On December 13, 2023, appellant, John E. Drummond, pro se, filed a pleading captioned as "Delay to file Crim.R. 33(B) Motion for Leave to file Notice of Appeal," construed by this court as a notice of appeal.

{¶2}    Attached to appellant's notice is an August 10, 2023 judgment entry.  In the entry, the trial court treated appellant's pro se motions as petitions for postconviction relief and denied them without a hearing.

{¶3}    A timely notice of appeal from the August 10, 2023 entry was due no later than September 11, 2023, which was not a holiday or weekend.  The appeal is untimely by over three months.

{¶4}    "* * * [a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  App.R. 4(A)(1).

{¶5}    Postconviction proceedings are considered civil in nature.  *State v. Nichols*, 11 Ohio St.3d 40 (1984) 41, 42; *see also State v. Jones*, 11th Dist. Ashtabula No. 2021-A-0012, 2021-Ohio-1696, ¶ 6.

{¶6}    App.R. 4(A)(3) states in relevant part:

{¶7}    "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."

{¶8}    Here, there is a notation on the docket reflecting that the clerk mailed a copy of the entry to appellant on August 10, 2023, the same date the entry was filed.  Thus, the time for filing the notice of appeal began to run on that date.  The time requirement is jurisdictional in nature and may not be enlarged by an appellate court.  *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988); App.R. 14(B).

{¶9}    Accordingly, this appeal is dismissed, sua sponte, as untimely.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

2

Case No. 2023-A-0071