[Cite as *State v. Jackson*, 2025-Ohio-605.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

          Plaintiff-Appellee,

- vs -

WILLIAM J. JACKSON,

          Defendant-Appellant.

CASE NO. 2024-L-060

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 000558

---

# MEMORANDUM
# OPINION

Decided: February 24, 2025
Judgment: Appeal dismissed

---

*Charles E. Coulson*, Lake County Prosecutor; *Teri R. Daniel* and *Jennifer A. McGee*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*William J. Jackson*, pro se, PID# A780-186, Trumbull Correctional Institution, 5701 Burnett Street, P.O. Box 901, Leavittsburg, OH 44430 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} On August 30, 2024, appellant, William J. Jackson, pro se, filed a notice of appeal from the Lake County Court of Common Pleas' July 25, 2024 judgment entry, which denied appellant's postconviction "petition to vacate or set aside judgment of conviction or sentence" and his related motions for appointment of counsel and expert assistance. We dismiss the appeal, which was untimely, for lack of jurisdiction.

{¶2} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). "Subject to the

provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). "[F]ailure to file a timely notice of appeal under App.R. 4(A) is a jurisdictional defect." *In re H.F.*, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) ("Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal.").

{¶3} Postconviction proceedings such as the matter at hand are considered civil in nature. *See State v. Nichols*, 11 Ohio St.3d 40, 41-43 (1984). Under App.R. 4(A)(3), which applies to civil cases, "if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day period[ ] referenced in App.R. 4(A)(1) . . . begin[s] to run on the date when the clerk actually completes service."

{¶4} Civ.R. 58(B) governs the notice of the judgment in a civil case:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

Therefore, when there is compliance with Civ.R. 58(B), a notice of appeal from the denial of a postconviction petition must be filed within 30 days of the entry of judgment. *State v. Jones*, 2021-Ohio-1696, ¶ 11 (11th Dist.). On the other hand, if service is not made within

2

the three-day period prescribed by Civ.R. 58(B), the notice of appeal must be filed within 30 days of service. *Id.*

{¶5} Here, the clerk served notice of the July 25 judgment that same day and noted the service on the docket on July 26, which was within the three-day period prescribed in Civ.R. 58(B). Thus, the 30-day period referenced in App.R. 4(A)(1) began on July 25, the day of the entry, and ended on August 24. Because August 24 was a Saturday, appellant's notice of appeal was due to be filed on or before Monday, August 26. *See* Civ.R. 6(A).

{¶6} Appellant filed his notice of appeal on August 30, which was four days late.

{¶7} Although the parties do not mention this jurisdictional defect in their filings with this court, we are not empowered to extend the time for appeal in civil cases. *See* App.R. 14(B) (a court may not enlarge the time for filing a notice of appeal); App.R. 5(A)(1) (a motion for leave of court to file a delayed appeal is not permitted in civil cases). Accordingly, we must dismiss this untimely appeal, sua sponte, for lack of jurisdiction. *See Pendell*, 40 Ohio St.3d at 60.

{¶8} Appeal dismissed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

3

Case No. 2024-L-060