DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court Common Pleas that found appellant guilty of one count of grand theft of an automobile and one count of abduction. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth two assignments of error:
 {¶ 3} "1) Appellant was convicted of abduction upon evidence legally insufficient to support the conviction as the state did not prove all the elements of the crime.
 {¶ 4} "2) The trial court erred as a matter of law in refusing to instruct the jury that unlawful restraint was a lesser included offense of abduction."
 {¶ 5} On the afternoon of November 15, 2003, Margaret Guldi, her mother Barbara Kecskes, her sister-in-law Kim, and Guldi's two-year-old son Jimmy drove to a Toys R Us store in Toledo in Guldi's mini-van. When they were finished shopping, Guldi drove the van to the package pick-up area, and left the van running while she went inside. Kim was not in the van at that time. Barbara Kecskes remained in the back seat with her grandson, who was restrained in his car seat. While they waited for Guldi to return, appellant opened the door and sat in the driver's seat. He then put the van in gear and drove off with Kecskes and Jimmy still in the back seat. When Kecskes spoke up, appellant stopped the van in the parking lot and told her to get out. Kecskes refused, however, because she could not release the buckle on the car seat to remove her grandson. Appellant then left the parking lot and drove to a convenience store a short distance away. After stopping, he released Kecskes and the child. While the van was stopped, a police officer who had heard a broadcast describing the stolen van, approached the vehicle and placed appellant under arrest.
 {¶ 6} Appellant was indicted on two counts of abduction in violation of R.C. 2905.02(A)(1) and one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5). Following a jury trial, appellant was found guilty of grand theft of a motor vehicle and one count of abduction. Appellant was found not guilty as to the second count of abduction. On March 15, 2004, the trial court sentenced appellant to three years imprisonment on the abduction conviction and seventeen months on the theft conviction with the sentences to be served consecutively.
 {¶ 7} In his first assignment of error, appellant asserts there was insufficient evidence to support the jury's guilty verdict as to abduction. Challenging the sufficiency of the evidence raises a question of law concerning whether the evidence is legally adequate to support a jury verdict as to all elements of the crime. State v. Thompkins (1997),78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St. 3d 259, paragraph two of the syllabus.
 {¶ 8} Appellant was charged with violating R.C. 2905.02(A)(1), which states:
 {¶ 9} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 10} "(1) By force or threat, remove another from the place where the other person is found;"
 {¶ 11} Appellant argues that he was convicted of the abduction of the child and not of abducting Barbara Kecskes. Appellant suggests the conviction was "an emotional reaction of the jury to Jimmy Guldi's age" and states it was a "sympathetic verdict" that was not based on the evidence. Appellant argues that he acted no differently toward Kecskes than he did toward the child and therefore an acquittal as to Kecskes should have led to an acquittal as to the child. We find, however, that the two counts in the indictment contained identical language and did not contain any reference to either victim. The jury's verdict was as to "Count 3, abduction" and did not refer to either victim by name or other identifying detail. Appellant's claim that the jury found him guilty of abducting the child is not supported by the record. He argues that "logically, it can be inferred from the testimony and the verdicts" that the jury was unable to find that either force or threat was used against Kecskes. Appellant attempts to support his argument with conclusions for which there is no basis in the record: the jury rendered a sympathetic verdict, did not find force or threat directed toward Kecskes, and convicted on the count charging him with abducting the child. None of those claims have any merit, nor do they support an argument that the state did not prove all of the elements of the crime. As to the elements of abduction, the jury heard testimony from Margaret Guldi that appellant did not have privilege to drive off in her van. The evidence adduced at trial, primarily through the testimony of Barbara Kecskes, showed that appellant knowingly removed Kecskes and the child from the place where they were found. Further, appellant's very actions in driving off even after he knew Kecskes and her grandson were in the van amounted to a show of force.
 {¶ 12} Upon consideration of the testimony in this case in a light most favorable to the prosecution, we find that the evidence, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt. We therefore find appellant's argument that the evidence was insufficient to support a finding of abduction to be without merit. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} In his second assignment of error, appellant asserts the trial court erred by refusing to instruct the jury that unlawful restraint is a lesser included offense of abduction. At the close of all of the evidence, appellant requested the court to charge on unlawful restraint with respect to the two abduction counts.
 {¶ 14} The test for whether one offense is a lesser included offense of another is set forth in State v. Deem (1988), 40 Ohio St.3d 205, which held as follows: an offense may be a lesser included offense of another offense if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. Deem, at paragraph three of the syllabus.
 {¶ 15} The offense of unlawful restraint, a third-degree misdemeanor, carries a penalty of 17 months imprisonment, while abduction, a third-degree felony, carries a penalty of one to 5 years. Accordingly, the first prong of the Deem test is satisfied. A careful analysis of the statutory language reveals, however, that the second prong is not satisfied.
 {¶ 16} Appellant was charged with violating subsection (A)(1) of R.C. 2905.02, which, as set forth above, states that no person, without privilege to do so, shall knowingly, by force or threat, remove another from the place where the other person is found. Unlawful restraint states that no person, without privilege to do so, shall knowingly restrain another of his liberty. The offense of abduction can be committedwithout committing unlawful restraint because unlawful restraint, asstatutorily defined, requires the offender to "restrain another of his liberty." The offense of abduction has no such language. Therefore, the second prong of Deem is not satisfied. Appellant argues at length that if you remove a person from the place where he is found, you are necessarily restraining him of his liberty. While that maybe arguable, we note that the second prong of Deem calls for the test to be applied in light of each offense "as statutorily defined." We are unable to say that abduction as it is statutorily defined cannot be committed without committing unlawful restraint as it is statutorily defined.
 {¶ 17} This court notes that appellant provided no case law in support of his argument. Similarly, we have not found any cases in which the court instructed the jury on unlawful restraint as a lesser included offense of abduction under R.C. 2905.02(A)(1).
 {¶ 18} Based on the foregoing, this court finds that the trial court did not err by failing to give a jury instructions as to unlawful restraint being a lesser included offense of abduction under R.C. 2905.02(A)(1). Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 19} On consideration whereof, this court finds appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.