[Cite as *Robin Mobile Home Parks, Inc. v. Willett*, 2024-Ohio-5651.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| ROBIN MOBILE HOME PARKS, INC., | **CASE NO. 2024-P-0063** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Municipal Court, Ravenna Division |
| MICHAEL WILLETT, | |
| Defendant-Appellant. | Trial Court No. 2024 CVG 01176 R |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 2, 2024
Judgment: Appeal dismissed

*Michael A. Noble*, Lentz, Noble & Heavner, LLC, 228 West Main Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael Willett*, pro se, 3218 State Route 82, No. 151, Mantua, OH 44255 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} On October 11, 2024, appellant, Michael Willett, filed a pro se appeal from a September 4, 2024 entry. Appellee, Robin Mobile Home Parks, Inc., through counsel, filed a motion to dismiss the appeal as untimely. Appellant filed no opposition.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional

defect, which is fatal to an appeal. *In re H.F.*, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5260.

{¶4} In this case, the trial court issued its entry on September 4, 2024. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on September 5, 2024. Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from September 4, 2024. The deadline for appellant to file his notice of appeal was October 4, 2024, which was not a holiday or a weekend. Thus, appellant's October 11, 2024 notice of appeal was untimely filed by 7 days.

{¶5} This court is not empowered to extend the time deadline in civil cases. *Pendell* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, appellee's motion to dismiss is hereby granted. This appeal is dismissed pursuant to App.R. 4(A)(1).

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

2

Case No. 2024-P-0063