[Cite as *Edwards v. Jeziorkowski*, 2025-Ohio-2740.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

JONATHAN EDWARDS,

      Plaintiff-Appellee,

- vs -

JANINE JEZIORKOWSKI, et al.,

      Defendant-Appellant.

CASE NO. 2025-T-0037

Civil Appeal from the
Eastern District Court

Trial Court No. 2024 CVG 00269

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 4, 2025
Judgment: Appeal dismissed

---

*Jonathan Edwards*, pro se, 8103 Davis Street, Masury, OH 44438 (Plaintiff-Appellee).

*Janine Jeziorkowski*, pro se, 332 Mistletoe Avenue, Youngstown, OH 44511 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} On June 2, 2025, appellant, Janine Jeziorkowski, filed a pro se appeal from an April 29, 2025 entry.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has stated that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *Robin Mobile Home Parks v. Willett*, 2024-Ohio-5651, ¶ 2 (11th Dist.).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R.

3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶4}   In this case, the trial court issued its entry on April 29, 2025. The clerk of courts noted on the appearance docket that notice of the entry under Civ.R. 58(B) was issued to the parties on that same date. Thus, pursuant Civ.R. 58(B), the time to appeal began to run from April 29, 2025. The deadline for appellant to file her notice of appeal was May 29, 2025, which was not a holiday or a weekend. Hence, appellant's June 2, 2025 notice of appeal was untimely filed by 4 days.

{¶5}   This court is not empowered to extend the time deadline in civil cases. *State ex rel. Pendell v. Adams Cty Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶6}   Based upon the foregoing, this appeal is dismissed as untimely filed pursuant to App.R. 4(A)(1).


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0037

# JUDGMENT ENTRY

Based upon the foregoing, this appeal is dismissed as untimely filed pursuant to App.R. 4(A)(1).

Cost to be taxed against appellant.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0037