[Cite as *Smirnova v. Flannery & Georgalis, L.L.C.*, 2025-Ohio-3033.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| OLGA SMIRNOVA, | **CASE NO. 2025-L-078** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| FLANNERY & GEORGALIS, L.L.C., et al., | Trial Court No. 2025 CV 000217 |
| Defendants-Appellees. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 25, 2025
Judgment: Appeal dismissed

*Taylor Bennington*, 1148 East 222nd Street, Euclid, OH 44117 (For Plaintiff-Appellant).

*Bryan L. Penvose* and *Richard S. Koblentz*, Koblentz, Penvose & Froning, L.L.C., 3 Summit Park Drive, Suite 440, Cleveland, OH 44131 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} On June 25, 2025, appellant, Olga Smirnova, through counsel, filed an appeal from a May 20, 2025 entry issued by the Lake County Court of Common Pleas.

{¶2} On June 27, 2025, appellees, Flannery & Georgalis, L.L.C., et al., filed a motion to dismiss the appeal as untimely. Appellant opposed the motion on August 4, 2025, and requested this court deny the motion because she can demonstrate excusable neglect for her delay in filing the notice of appeal. On August 5, 2025, appellees filed a reply and indicated that the brief in opposition was filed untimely. Appellees further

explain that there is no express provision for excusable neglect in the Ohio Rules of Appellate Procedure.

{¶3}  App.R. 3(A) clearly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4.  The Supreme Court of Ohio has indicated that a failure to comply with the time requirements prescribed in App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal.  *Robin Mobile Home Parks v. Willett*, 2024-Ohio-5651, ¶ 2 (11th Dist.).

{¶4}  "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  *See* App.R. 4(A)(1).  Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal.  If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶5}  In the instant case, the trial court issued its entry on May 20, 2025, and the clerk of courts noted on the appearance docket that notice of the entry was issued to the parties on that same date.  Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from May 20, 2025.  The deadline for appellant to file her appeal was June 20, 2025.  Thus, appellant's June 25, 2025 notice of appeal was untimely filed by 5 days.

{¶6}  This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶7}   Based upon the foregoing, appellees' motion to dismiss is hereby granted, and the appeal is dismissed as untimely filed pursuant to App.R. 4(A)(1).


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-078

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellees' motion to dismiss is granted, and this appeal is dismissed as untimely filed pursuant to App.R. 4(A)(1).

Costs shall be taxed against appellant.

JUDGE JOHN J. EKLUND

JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-078