[Cite as *Rives v. Lowes*, 2025-Ohio-4530.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

WILLIE RIVES,

        Plaintiff-Appellant,

    - vs -

LOWES,

        Defendant-Appellee.

**CASE NO. 2025-L-097**

Civil Appeal from the
Willoughby Municipal Court

Trial Court No. 2025 CVI 02874

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Appeal dismissed

---

*Lawrence Mays*, 29325 Chagrin Boulevard, Suite 305, Pepper Pike, OH 44122 (For Plaintiff-Appellant).

*Dallas F. Kratzer, III*, Steptoe & Johnson, P.L.L.C., Huntington Center, 41 South High Street, Suite 2200, Columbus, OH 43215 (For Defendant-Appellee).


JOHN J. EKLUND, J.

{¶1}    On August 8, 2025, appellant, Willie Rives, through counsel, filed an appeal from a June 25, 2025 entry issued by the Willoughby Municipal Court.

{¶2}    App.R. 3(A) clearly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has indicated that a failure to comply with the time requirements prescribed in App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *Robin Mobile Home Parks v. Willett*, 2024-Ohio-5651, ¶ 2 (11th Dist.).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶4} Here, the trial court issued its entry on June 25, 2025, and the clerk of courts noted on the appearance docket that a copy of the entry was mailed to appellant on that same date. Therefore, pursuant Civ.R. 58(B), the time to appeal began to run from June 25, 2025. The deadline for appellant to file an appeal was July 25, 2025. Thus, appellant's August 8, 2025 notice of appeal was untimely filed by 14 days.

{¶5} This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is dismissed, sua sponte, as untimely filed pursuant to App.R. 4(A)(1).

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-097

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is dismissed, sua sponte, as untimely filed pursuant to App.R. 4(A)(1).

Costs shall be taxed against appellant.

_____
JUDGE JOHN J. EKLUND


_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| --- |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-L-097