[Cite as *Ford Motor Credit Co., L.L.C. v. Sobecki*, 2025-Ohio-4994.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, L.L.C. d.b.a. LINCOLN AUTOMOTIVE FINANCIAL SERVICES, | CASE NO. 2025-L-106 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| ANTHONY SOBECKI a.k.a. ANTHONY M. SOBECKI a.k.a. TONY M. SOBECKI, | Trial Court No. 2024 CV 001630 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: November 3, 2025
Judgment: Appeal dismissed

*Michael S. Berkowitz*, *Suzana Pastor*, *Paul K. Rode, and Keith D. Weiner*, Keith D. Weiner & Associates Co., L.P.A., 1100 Superior Avenue, E., Suite 1100, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Anthony Sobecki*, pro se, 11106 Quail Hollow Drive, Concord, OH 44077 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} On September 2, 2025, appellant, Anthony Sobecki, pro se, filed an appeal from a June 30, 2025 entry issued by the Lake County Court of Common Pleas.

{¶2} App.R. 3(A) states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has indicated that a failure to comply with the time requirements prescribed in App.R. 4(A) is

a jurisdictional defect, which is fatal to an appeal. *Rives v. Lowes*, 2025-Ohio-4530, ¶ 2 (11th Dist.).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted on the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶4} Here, the trial court issued its entry on June 30, 2025, and the clerk of courts noted on the appearance docket that a copy of the entry was mailed to appellant on July 1, 2025. Hence, pursuant Civ.R. 58(B), the time to appeal began to run from June 30, 2025. The deadline for appellant to file an appeal was July 30, 2025. Thus, appellant's September 2, 2025 notice of appeal was untimely.

{¶5} This court is not empowered to extend the time deadline in **civil** cases. *State ex rel. Pendell v. Adams Cty. Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶6} Based upon the foregoing, this appeal is dismissed, sua sponte, as untimely filed pursuant to App.R. 4(A)(1).

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-L-106

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is dismissed, sua sponte, as untimely filed pursuant to App.R. 4(A)(1).

Costs shall be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| --- |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-L-106